UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22018-CIV-ROSENBAUM/SELTZER

ADAM BURDEN, *et al.*,

        Plaintiffs,

v.

THE CITY OF OPA LOCKA, FLORIDA,
a political subdivision of the
State of Florida,

        Defendant.

                                         /

ORDER DENYING DEFENDANT'S
RENEWED MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant City of Opa Locka's Renewed Motion for Summary Judgment on "Appropriate Local Official" Aspect of Whistle-blower's Act Claim [D.E. 130]. The Court has carefully reviewed Defendant's Motion, all supporting filings,[1] and the entire record and is otherwise advised in the premises. For the reasons that follow, the Court now denies Defendant's Renewed Motion for Summary Judgment.

## I.  Background

Because the Court has previously set forth the facts in this case in detail in its October 7, 2012, Order granting in part and denying in part summary judgment [D.E. 121], the Court will not burden the record here with a complete recitation of the facts. Instead, the Court repeats only the facts most relevant to the issue addressed by Defendant's Renewed Motion.

---

[1]Plaintiffs did not file a response.

Specifically, Plaintiffs Adam Burden, Vincent Robinson, and Tamika Miller's (collectively, "Plaintiffs") claims under the Florida Whistle-blower's Act, Fla. Stat. § 112.3187 ("FWA"), stem from statements that they made in response to a "Confidential Inquiry" initiated by then-City Manager Clarance Patterson to investigate charges that had been levied against the Opa Locka Police Department. Patterson directed Assistant City Manager David Chiverton and Director of Human Resources Guithele Ruiz-Nicolas to conduct the actual investigation. As a part of the Confidential Inquiry, Chiverton and Ruiz-Nicolas interviewed Plaintiffs. During the course of their solicited remarks, all three Plaintiffs disclosed to Chiverton or Ruiz-Nicolas, or both, information protected by the FWA. *See* D.E. 121; Fla. Stat. § 112.3187(5). Not long after their participation in the Confidential Inquiry, the City terminated the employment of Burden and Robinson, and Miller claims to have received unfavorable assignments, restrictions from earning overtime, and relocation to a building without adequate logistical support.

Defendant City of Opa Locka ("Defendant" or "City") sought summary judgment against Plaintiffs, *see* D.E. 106, and the Court denied the motion as it pertained to the activities recounted above, *see* D.E. 121.[2] In its Renewed Motion for Summary Judgment, the City argues that Plaintiffs' responses to Chiverton and Ruiz-Nicolas were not covered by the FWA because neither Chiverton nor Ruiz-Nicolas qualifies as "a chief executive officer . . . or other appropriate local official" under Fla. Stat. § 112.3187(6).

## II. Discussion

The Florida Legislature specified its intent in enacting the FWA:

---

[2]The Court granted the City's Motion for Summary Judgment as it regarded other Plaintiffs and other claims of the remaining Plaintiffs. *See* D.E. 121.

> It is the intent of the Legislature to prevent agencies or independent contractors from taking retaliatory action against an employee who reports to an appropriate agency violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare. It is further the intent of the Legislature to prevent agencies or independent contractors from taking retaliatory action against any person who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee.

Fla. Stat. § 112.3187(2). To qualify for protection under the FWA, a covered local-government employee must disclose protected information to "a chief executive officer as defined in [Fla. Stat. §] 447.203(9) or other appropriate local official." Fla. Stat. § 112.3187(6); Op. Att'y Gen. Fla. 2010-48 (Dec. 27, 2010), 2010 Fla. AG LEXIS 297, *4.

The City contends that neither Chiverton nor Ruiz-Nicolas met the definition of "other appropriate local official" at the time that they asked Plaintiffs to provide information for the Confidential Inquiry. In support of this position, the City directs the Court to *Quintini v. Panama City Housing Authority*, ___ So. 3d ___, 2012 WL 5935959 (Fla. 1st DCA Nov. 28, 2012), and official Opinions of the Florida Attorney General and asserts that "any kind of informal delegation is against the trend in the law, leads to unintended consequences, and creates needless ambiguity." D.E. 130 at 2. This Court respectfully disagrees with the City's reasoning and conclusion.

In *Quintini*, the plaintiff, who was employed as a maintenance worker for the Panama City Housing Authority, sent a written complaint to the United States Department of Housing and Urban Development ("HUD") in which he alleged that he was not being paid at the same rate as other maintenance workers. The plaintiff did not submit this complaint to anyone at the Housing Authority or to any other local governmental official or employee. He was subsequently laid off and

filed suit under the FWA, asserting that he had been fired in retaliation for his disclosures about the Housing Authority to HUD.  The trial court dismissed the plaintiff's lawsuit, finding that HUD did not qualify as an "other appropriate local official" under Section 112.3187(6), so the plaintiff could not maintain his suit.  *See Quintini*, 2012 WL 5935959 at *1-2.

In reaching this conclusion, the First District Court of Appeal noted that although the phrase "other appropriate local official" had not been the subject of any Florida appellate decisions, the Florida Attorney General had construed the phrase in official Attorney General Opinions.  *Id.* at *2. In considering the Opinions of the Attorney General, the court concluded, "The common element in these opinions is that the person or entity deemed to be an 'other appropriate local official' was affiliated with the local government in some way."  *Id.*  Because HUD was in no way affiliated with the local government, the First District reasoned, the plaintiff had failed to make his complaint to an "other appropriate local official," and his claim was therefore not covered.  *Id.*

This case bears no similarity to the facts in *Quintini*.  Unlike the *Quintini* plaintiff, who filed his complaint about a local-government subdivision only with a federal agency, Plaintiffs here made their protected statements to local government employees.  Moreover, contrary to the City's suggestion that *Quintini* compels the conclusion that neither Chiverton nor Ruiz-Nicolas satisfies the "other appropriate local official" requirement, *Quintini* approvingly cites this Court's October 7, 2012, Order denying the City summary judgment on this point.  *See Quintini*, 2012 WL 5935959 at *2 (citing *Burden v. City of Opa Locka*, 2012 WL 4764592 at *13 (S.D. Fla. Oct. 7, 2012) and describing it and the Attorney General's Opinions as "consistent with the plain language of section 112.3187(6), which . . . unambiguously refers to an appropriate *local* official") (emphasis in original).  Thus, *Quintini* does not support the City's position that Chiverton and Ruiz-Nicolas are

not "other appropriate local official[s]."

Nor do the Opinions of the Florida Attorney General that the City cites. First, the Court has

already discussed these opinions in its October 7, 2012, Order. In that Order, the Court observed,

> [T]he Florida Attorney General has found a transit authority's board
> of directors, a county's inspector general, and a town's ethics
> commission to qualify as "other appropriate local official[s]" under
> the Act. Op. Att'y Gen. Fla. 2012-20 (2012); Op. Att'y Gen. Fla. 99-
> 07 (1999); Op. Att'y Gen. Fla. 96-40 (1996). Significantly, the
> Attorney General has found individuals to be "appropriate local
> officials" where they are empowered to investigate complaints and
> make reports or recommend corrective action. *See* Op. Att'y Gen.
> Fla. 99-07. . . . Finally, the Attorney General's opinions note that the
> confidentiality provisions of the Whistle-blower's Act permit
> complaints to be shared with an official's staff and still retain their
> confidentiality. Op. Att'y Gen. Fla. 2012-20; Fla. Stat. §
> 112.3188(1).

*Burden*, 2012 WL 4764592, \*16. Nothing in Defendant's Renewed Motion demonstrates that the

Court has misunderstood or misapplied the Opinions of the Florida Attorney General.

Instead, further review of the Opinions at issue supports the Court's conclusion that

Chiverton and Ruiz-Nicolas are "other appropriate local official[s]" under the FWA. Significantly,

in the Florida Attorney General's Opinion 96-40 (June 5, 1996), 1996 Fla. AG LEXIS 53, the

Attorney General explained,

> The [FWA] provides that for disclosures concerning a local
> governmental entity, such as a municipality, the information must be
> disclosed to a chief executive officer as defined in section 447.203(9),
> Florida Statutes, . . . or "other appropriate local official." . . .
> *Moreover, the information may be disclosed to the staff of these
> officials and retain its confidential status.*

(emphasis added). While the Attorney General was discussing maintenance of the confidential status

of information supplied by a whistle blower, the fact that protected information disclosed to the staff

of an "other appropriate local official" keeps its confidential status is instructive regarding the breadth of the phrase "other appropriate local official."

Similarly, in the Florida Attorney General's Opinion 2010-48, 2010 Fla. AG LEXIS 297, the Attorney General opined that whistle-blower information shared by the county's inspector general with the county's ethics commission continued to enjoy confidential status where both the inspector general and the ethics commission were designated as "other appropriate local official[s]." *See id.* at *7. The Attorney General cautioned, however, "I must conclude that such sharing would be required to occur within the context of a whistle-blower investigation and that it may not be shared with others *for a purpose other than the processing of a whistle-blower complaint*." *Id.* (emphasis added). This is not surprising, considering that "the intent of the statute is not only to protect the reporter but also to protect the integrity of the investigation of wrongdoing." Fla. Att'y Gen. Op. 1999-07 (Feb. 12, 1999), 1999 Fla. AG LEXIS 3, *8.

Here, the integrity of the Confidential Inquiry and the investigation of alleged wrongdoing would be seriously compromised if Plaintiffs' otherwise-protected statements responding to the questions of Chiverton and Ruiz-Nicolas were not protected under the FWA. Patterson served as the City Manager and qualified under the FWA as an "other appropriate local official" to whom FWA-protected statements could be made. *See* Fl. Stat. § 447.203(9). He expressly directed Chiverton and Ruiz-Nicolas to conduct the Confidential Inquiry at issue on his behalf. While executing Patterson's instructions, Chiverton and Ruiz-Nicolas solicited remarks from Plaintiffs regarding matters protected by the FWA.

Under the City's theory, by cooperating and answering, Plaintiffs essentially waived any rights that they otherwise might have had under the FWA, had they instead insisted on speaking

personally only with Patterson.  This interpretation is inconsistent with the Attorney General's

Opinions extending the confidentiality of FWA information to staff members of an "other

appropriate local official" and with the Attorney General's explicit concern for the integrity of FWA

investigations.  Indeed, the rule that the City suggests would allow local governmental entities to

circumvent the requirements of the FWA by simply instructing staff members of an "other

appropriate local official" to carry out investigations that would otherwise be subject to the FWA.

Finally, a significant distinction exists between making an unsolicited complaint under the

FWA and responding to an official investigation of what is essentially an FWA complaint.  All of

the Attorney General's Opinions identified by the City arose in the context of the first situation,

whereas Plaintiffs' claims here occur in the context of the second.  While it might well make sense

to identify one specific individual to receive initial FWA complaints,[3] such a construction of the

statute as it pertains to statements made in response to an official investigation is impractical and

unworkable, requiring local-government employees to demand to speak with, in this case, the City

Manager instead of responding to an official local-government-authorized investigation, presumably

being conducted by staff members with specialized skills in conducting such investigations.  Not

only would such an approach impede the investigation, it would also interfere with the local

government official's other duties.  For all of these reasons, the Court declines to conclude that

Plaintiffs' disclosures to Chiverton and Ruiz-Nicolas during the course of the Confidential Inquiry

are not protected under the FWA.

---

[3]The Court does not decide this issue one way or the other, as it is not currently before the
Court.

### *III.  Conclusion*

For the foregoing reasons, Defendant City of Opa Locka's Renewed Motion for Summary

Judgment on "Appropriate Local Official" Aspect of Whistle-blower's Act Claim [D.E. 130] is

**DENIED**.

**DONE and ORDERED** this 31st day of December 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

Counsel of Record
The Honorable Barry S. Seltzer